In the Matter of Election of Directors of ROGERS IMPORTS, INC.

Supreme Court, Special Term, New York County, September 22, 1952.

*Moses & Singer* for Shirley Silverman, petitioner.

*Irving Coopersmith* for Rogers Imports, Inc., and others, respondents.

SCHWARTZ, J. This application is brought by the minority stockholder of a corporation pursuant to section 25 of the General Corporation Law to set aside an election of directors of the corporation. Petitioner is the owner of 40% of the outstanding stock of the corporation. The corporation was organized in 1932. In 1945, a certificate was filed, amending the original certificate so as to increase the number of shares and, at the same time, a provision was inserted to provide for cumulative voting at all elections of directors of the corporation.

A provision of the by-laws of the corporation purportedly provides for the removal of a director, with or without cause, by majority vote of the stockholders.

On July 28, 1952, a meeting of the stockholders and directors of the corporation was called. At this meeting, one director was removed without cause by majority vote of the stockholders and another director elected in his place.

The petitioner now makes this application, on the ground, that said meeting violated her rights under the cumulative voting provision of the certificate. Her argument may be summed up as follows: the cumulative voting provision was intended to protect the minority stockholder in her right to representation on the board of directors. When this provision was inserted in the charter, it in effect invalidated the by-law insofar as it provided for removal of a director *without cause* (italics ours). If this were not so, of what use would be the cumulative voting provision when, immediately after an election the majority stockholder could then remove the director without cause? To hold that the by-law is still in full force and effect would render the subsequent cumulative voting provision meaningless.

With this contention, the court agrees. Eight States have expressly provided by statute against this very contingency. When the stockholders amended the charter of this corporation to provide for cumulative voting, admittedly they were not as far-sighted as the legislators of those other States but the qualification is so reasonable that it ought, in my opinion, to be made.

Of course, a vacancy caused by death, incapacity or removal for cause is quite a different matter. Cumulative voting, in such instance, cannot guarantee representation to minority stockholders in the election of a single director to fill a vacancy so caused and this decision should not be construed as holding otherwise.

The court holds that the amendment of the certificate in 1945 to provide for cumulative voting invalidated the by-law provision insofar as it provided for the removal of a director without cause and, accordingly, the election of July 28, 1952, is hereby invalidated and set aside.